```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

ROSALEE POSEY,

                Plaintiff,

vs.                               Case No.   2:07-cv-103-FtM-29SPC

ALTERNATIVE HOME HEALTH CARE OF LEE
COUNTY, INC.,

                Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (Doc. #16), filed on September 21, 2007. No response has been filed, but the Court finds that an evidentiary hearing is only required as to the issue of damages.

**I.**

After serving process and finding no responsive pleading, plaintiff moved for and was granted a default against defendant. (Docs. #9, #10.) A Clerk's Entry of Default (Doc. #11) was entered against defendant on April 25, 2007, thereby satisfying the necessary prerequisites under FED. R. CIV. P. 55(a). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200,

1206 (5th Cir. 1975)(citations omitted).[1]  Under Federal Rule of Civil Procedure 55(b), "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

## II.

The facts deemed admitted can be summarized as follows.  On or about January 24, 2005, plaintiff found an advertisement placed by defendant for "home health aides."  Upon a telephone inquiry, plaintiff was told that a GED was not necessary for the position because she was or had been a Certified Nurses Aide in Texas. Plaintiff scored a 90 on defendant's test and was immediately provided an application to apply for a position.  To complete the process, plaintiff was required to submit a copy of her social security card, her latest CPR card, and her last physical examination, no older than six (6) months.

Plaintiff provided the first two items immediately, but had to contact the Ruth Cooper Center for her most recent physical examination records and notified defendant of same.  In response, plaintiff was asked to provide the physical examination records

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

when available and to otherwise be at the Orientation. After plaintiff provided her examination records, she was told to come back in two days after they reviewed her references. Plaintiff's medical records included references to her bi-polar disorder and other DSM IV category dysphoria alluding to her psychiatric disability. Plaintiff called two days later and did not receive a response. She contacted her references and none of them had been contacted. As a result, plaintiff proceeded to physically visit the location where her application was submitted. At that location, she was told by the person responsible for hiring "home health aides" that defendant had no work for her. Plaintiff received a Notice of Right to Sue (Doc. #1-2) letter dated December 4, 2006, and reasonable cause was found to exist.

On February 22, 2007, plaintiff filed a Complaint (Doc. #1) under the Americans with Disabilities Act, the Rehabilitation Act, and the Florida Civil Rights Act. Plaintiff further alleges intentional infliction of emotional distress and a violation of Lee County Equal Opportunity Ordinance.

### III.

#### A.

Count I alleges a violation of 42 U.S.C. § 12112(d)(2) for requiring a pre-employment medical examination. The Eleventh Circuit Court of Appeals has not yet determined whether a private cause of action is available under § 12112(d)(2), Bennett v.

Dominguez, 196 Fed. Appx. 785, 793 (11th Cir. 2006), but other courts have found such actions to be proper. There is no factual showing of damages other than those flowing from the non-hiring. Since there is no factual showing of the amount damages from the non-hiring, an evidentiary hearing is required as to damages.

**B.**

Count II alleges a violation of the Rehabilitation Act, which utilizes the same standard as under the Americans with Disabilities Act. See 29 U.S.C. § 791(g); Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1215 (11th Cir. 2004); Williams v. Motorola, Inc., 303 F.3d 1284, 1290 (11th Cir. 2002); Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001). The facts deemed admitted establish this claim, but again there are no facts establishing the amount of damages. Therefore, an evidentiary hearing is required as to damages.

**C.**

In Count III, plaintiff seeks relief under the Florida Civil Rights Act of 1992 (FCRA), FLA. STAT. § 760.01, *et seq.* for defendant's failure to hire. Claims under the FCRA "are analyzed in the same manner as claims under the Americans with Disabilities Act." Ross v. Jim Adams Ford, Inc., 871 So. 2d 312, 314 (Fla. 2d DCA 2004)(citation omitted). For the reasons stated above as to Count II, plaintiff has sufficiently alleged a claim and is

entitled to a default judgment on Count III. The issue of damages require an evidentiary hearing.

**D.**

In Count IV, plaintiff alleges the intentional infliction of emotional distress by defendant. Under Florida law, the tort of intentional infliction of emotional distress requires that the conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metropolitan Life Ins. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985). Whether the alleged conduct satisfies this high standard is a legal question "for the court to decide as a matter of law." Vance v. Southern Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993)(quoting Baker v. Florida Nat'l Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990)). Viewing the facts pleaded in the Complaint in the light most favorable to plaintiff, and drawing all inferences in plaintiff's favor, the Court finds that the alleged conduct does not qualify under Florida law as the type of "extreme and outrageous conduct" required for the tort of intentional infliction of emotional distress. Therefore, this Count will be dismissed.

**E.**

Finally, in Count V, plaintiff alleges a violation of the "Lee County Equal Opportunity Ordinance." Plaintiff does not provide a

citation, however, Ordinance No. 86-28 and 00-18 apply. The purpose of the Ordinances is to secure freedom from discrimination for all individuals in Lee County, and to adopt the policies of federal laws, including the ADA. Under Section 11 1/2-52, denying employment opportunities to a job applicant who is otherwise qualified with a disability is prohibited. LEE COUNTY, FLA., ORD. NO. 00-18, § II, 9-26-2000. A civil action may be brought under Ordinance 00-18. LEE COUNTY, FLA., ORD. NO. 00-18, § IV, 9-26-2000. Since the purpose is to mirror the ADA, default judgment will be granted as to Count V but an evidentiary hearing is required as to damages.

**IV.**

Plaintiff seeks actual and compensatory damages in the amount of $16,380.00, representing the $10.50 per hour rate for an anticipated average 30-hour work week as a home health aide that she would have made if hired. Plaintiff further seeks punitive damages, injunctive relief, and attorney's fees and costs.

The Eleventh Circuit has stated that "the award of front pay is a form of equitable relief." U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 618 (11th Cir. 2000)(citation omitted); Brochu v. City of Riviera Beach, 304 F.3d 1144, 1162 n.31 (11th Cir. 2002). In a failure to hire case, such as this one, front pay is speculative and difficult to prove. Lewis v. Federal Prison Indus., Inc., 953 F.2d 1277, 1286 (11th Cir. 1992)(citations omitted). The Court finds that an evidentiary hearing will be required.

Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 1981a(a)(2), "only a showing that the employer acted with the appropriate state of mind" is necessary to award punitive damages. Alexander v. Fulton County, 207 F.3d 1303, 1337 (11th Cir. 2000). This means acting "with malice or with reckless indifference" to plaintiff's rights. Id.; 42 U.S.C. § 1981a(b)(1). This requires a showing of "evil intention" or "conscious indifference" to a plaintiff's federally protected rights. Alexander, 207 F.3d at 1337. In addition to showing that defendant acted with malice or reckless indifference, plaintiff must also show that either the discriminating employee was "higher up the corporate hierarchy", or that higher management approved of the conduct. Splunge v. Shoney's, 97 F.3d 488, 491 (11th Cir. 1996). Nothing in the facts deemed admitted by the default would support an award of punitive damages. Therefore, punitive damages will not be permitted.

Plaintiff also seeks to enjoin defendant's future practices and the payment of attorney fees and costs. Under 42 U.S.C. § 2000e-5(k), attorney's fees and costs are available to a prevailing party. In this case, plaintiff executed a contingency fee agreement with her counsel providing 40% of any judgment in the case (Doc. #16, p. 3, ¶ XI). The Court grants the request for attorney's fees to that extent. To the extent that taxable costs are sought pursuant to 28 U.S.C. § 1920, counsel shall file a Bill of Costs after the entry of judgment. As to the injunction, the Court may enjoin the engagement in unlawful employment practices

pursuant to 42 U.S.C. § 2000e-5(g)(1). Plaintiff seeks to enjoin defendant from further discrimination of her rights and privileges, and for defendant to plan and implement an affirmative action plan for actual and prospective handicapped individuals. (Doc. #1, p. 7.) Plaintiff does not specify how the injunction should operate and a broad, non-specific injunction enjoining defendant to obey to the law is not proper without "an operative command." Hughey v. JMS Dev. Corp., 78 F.3d 1523, 1531 (11th Cir. 1996). See also SEC v. Smyth, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005). Therefore, the Court will take the matter under advisement pending the evidentiary hearing. At the hearing, plaintiff will have the opportunity to present proposed language for the injunction.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Default Judgment (Doc. #16) is **GRANTED** as to Counts I, II, III, and V, subject to a determination as to the amount of damages. The Motion for Default Judgment is otherwise **DENIED** as to Count IV, which is **dismissed with prejudice**. The Clerk shall withhold the entry of judgment pending an evidentiary hearing as to the appropriate damages and injunction language.

2. Plaintiff is entitled to reasonable attorney's fees pursuant to the contingency fee arrangement.

  3. Plaintiff shall submit a Bill of Costs if taxable costs are sought.

  4. The Court shall conduct the evidentiary hearing on **Tuesday, May 20, 2008, at 10:00 A.M.**, in Courtroom A, Sixth Floor, U.S. Courthouse & Federal Building, Fort Myers, Florida.

  **DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of May, 2008.

               */s/ John E. Steele*
               JOHN E. STEELE
               United States District Judge

Copies:
Counsel of record